UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND C. WATKINS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TUOLUMNE COUNTY JAIL, et al.,<br><br>　　　　　　Defendants. | Case No. 1:18-cv-01412-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF Nos. 1, 7)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

　　　　Plaintiff, Raymond Chad Watkins, is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Watkins filed the Complaint commencing this action on October 12, 2018. (ECF No. 1). Watkins alleges that his due process rights were violated by placement in administrative segregation without a hearing, that he was denied adequate medical care, and that he was denied his right to a fair trial. The Court screened the Complaint on December 21, 2018, and found that the Complaint did not state any cognizable claim. (ECF No. 7.) The Court gave Plaintiff thirty days from the date of service of the screening order to either (1) file an amended complaint, or (2) notify the court in writing

that he wishes to stand on the Complaint. (*Id.* at 16.) The Court also warned Plaintiff that failure to file an amended complaint or to notify the Court that he wishes to stand on the Complaint could result in the dismissal of this case. (*Id.*)

The thirty-day period has expired, and Plaintiff has not filed an amended complaint or notified the Court that he wishes to stand on the Complaint. Accordingly, the Court recommends that this action be dismissed, with prejudice, for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

Plaintiff may file objections to these findings and recommendations within twenty-one days from the date of service of this order.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Watkins is proceeding *in forma pauperis* (ECF No. 4), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts

"are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

The Complaint names as defendants (1) Tuolumne County Jail, (2) Unknown Custody Staff Sergeants at Tuolumne County Jail, and (3) Unknown Jail Commander at Tuolumne County Jail. The Complaint brings three claims: (1) violation of due process; (2) denial of adequate medical and/or mental health care; and (3) denial of the right to a fair trial. The Complaint alleges the following.

### A. Claim I: Violation of Due Process

"Since 6-26-2013 I have been in J Tank Ad Seg solitary confinement" on 23-hour lockdown, with only one hour a day of access to phone, commissary kiosk, and the computer system, and that Plaintiff gets the one hour per day access only if "[t]he guards don't lie and say I refused my shower when in fact I did not refuse." "Stallings did this refusal thing to me on 7-1-18 and took my free e-mail credits too. No hearing. Stallings was mad at me for reporting his misconduct multiple times."

> On October 31, 2016,
> I was illegally transferred to Stanislaus County Jail without a hearing to allow the court to rebook me there and therefore [to] change my case. I believe doing this allowed the court to open another D.A. Case # allowing them to change the transcripts in my case. My charges in my case were P.C. 273.5 Felony, 148(A) misd. and 591.1 misd. until 11-9-18. Then they changed to add a pc 69 and I asserted the charge was illegally added and asked for my prelim transcript to prove the fake charge but was refused till 6-2018? The move to Stanislaus was originally because I was complaining about my medical (elbow) being ignored. I was single cell for no reason and so was Michael Connolly so if the jail was crowded, they could have moved us into 1 cell instead of 2. They took in a[n] inmate from Modesto too. If it was for overcrowding, they should have took a sentenced inmate not 2 pretrial detainees. . . . My civil rights were stomped on for years as my liberty interests were ignored and staff abuse was allowed to go on without witnesses. All of this was because I requested grievances to report misconduct.

(ECF No. 1 at 4.)

### B. Claim II: Denial of Adequate Medical Health Care

"I was refused medical care for my left elbow after my arrest on 9-29-16 when the arresting officer threw me off my porch with my handcuffs on." (ECF No. 1 at 5.) When his mom came to visit him in jail a month later, "my elbow was still bruised for a foot and nerve damage causes pain and numbness to this day." (*Id.*) His mom took a picture of the bruise during the visit and the "guards bullied her and threatened to take her phone and end the visit." (*Id.*) Watkins finally started receiving medical care after his mom took the picture. Watkins was then moved. "All of this was to suppress evidence for my case." (*Id.*)

> [E]vidence of my syphilis was suppressed when I was transferred to Modesto too. I got 1 shot from Nurse Crystal and no consult before I went to Modesto Jail. I still had syphilis in 11-2017 when I returned to jail because I was not properly treated in 2016, and the case was illegally not reported to public health to suppress the evidence of my wife cheating so her mental disorder could be ignored.

(*Id.*)

Watkins was forced to live with his injuries and syphilis "for extended periods of time" and his left arm is permanently injured, and he believes he may also be permanently injured from the syphilis as well. The treatment was denied "to suppress evidence in my case." (*Id.*)

### C. Claim III: Denial of Right to Fair Trial and Suppression of Evidence

Watkins incorporates his allegations from Claims I and II into Claim III. He also alleges when he was arrested "on 11-9-17 my property with my evidence in it was left at the crime scene even [though] I requested it and was not a resident there." (ECF No. 1 at 6.) An order requiring him to move out was "issued at the arraignment but my property is still in the victim[']s possession and I've been asking for my evidence for almost a year now. Chaplain Mark has asked my ex wife for it too." (*Id.*) In addition, "Deputy Cuellar took my cell phone at the jail and searched it but the evidence was suppressed because it would have proved prosecution's claims false." (*Id.*) Watkins alleges that this conduct led to "severe prejudice to legal case, illegal prosecution, evidence suppression, document tampering," and that the judge, the district attorney, and the public defender engaged in corruption of public officials in violation of California Penal Code 69. (*Id.*)

\\\

## III. SECTION 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally

5

participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

## IV. EVALUATION OF PLAINTIFF'S COMPLAINT

### A. Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8(a) provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

The Complaint does not contain a short and plain statement of the claim showing that Plaintiff is entitled to relief and therefore violates Rule 8(a). *See id.* The complaint lists various claims, but does not say what each individual defendant did, so the Court cannot evaluate whether Watkins has described something that violates his constitutional rights. Watkins has thus failed to state a cognizable claim on which relief can be granted.

If Watkins chooses to amend his complaint, he needs to include a short and plain statement—what each named defendant did, such as what he or she said or wrote or did to Watkins. Then Watkins should try to explain why he believes that action, or lack of action, violated his constitutional rights. To the extent Watkins does not know the names of the individual defendants or their titles, at this stage he can identify each defendant through a "Doe" designation, e.g., "Doe 1, Doe 2."

### B. Challenges Related to Pending Criminal Charges or Criminal Convictions

Watkins also challenges pending state criminal charges, criminal convictions, or both. He alleges that he was "illegally transferred to Stanislaus County Jail without a hearing to

6

allow the court to rebook" him and charge him with additional crimes, and that the "charges in my case were P.C. 273.5 Felony, 148(A) misd. and 591.1 misd. until 11-9-18. Then they changed to add a PC 69 and I asserted the charge was illegally added. . . ." (ECF No. 1 at 4.) He also alleges that actions have been taken "to suppress evidence from my case. The evidence of my syphilis was suppressed. . . ." (*Id.* at 5.) Finally, he alleges that his right to a fair trial has been violated and evidence has been suppressed by the jail, the district attorney, the public defender, and the judge in his state case; that when he was arrested on November 9, 2017, "my property with my evidence in it was left at the crime scene even tho[ugh] I requested it and was not a resident there"; that his "property is still in the victim's possession and I've been asking for my evidence for almost a year now"; that "Deputy Cuellar took my cell phone at the jail and searched it but the evidence was suppressed because it would have proved prosecution's claims false"; and that he has suffered "severe prejudice to his legal case, illegal prosecution, evidence suppression, document tampering. . . ." (*Id.* at 6.)

These challenges related to Watkins' pending state criminal charges and/or criminal convictions are not cognizable in this § 1983 action and for this additional reason, Watkins has failed to state a cognizable claim on which relief can be granted.

### 1. Pending State Criminal Proceedings—*Younger* Abstention

Federal courts "may not interfere with pending state criminal or civil proceedings." *Aiona v. Judiciary of State of Haw.*, 17 F.3d 1244, 1248 (9th Cir. 1994). This doctrine, called "*Younger* abstention," is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971) ("[T]he underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions . . . ."). "Abstention is appropriate in favor of state proceedings if (1) the state proceedings are ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings provide the plaintiff an adequate opportunity to litigate federal constitutional questions." *Aiona*, 17 F.3d at 1248 ("If these three circumstances exist, then 'a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive relief.").

1    In the present case, it appears that state criminal proceedings were ongoing when
2 Watkins filed the present action. Thus, the first requirement of the *Younger* test has been met.
3 *See Aiona*, 17 F.3d at 1249 (finding that state "judicial proceedings were ongoing at the time
4 the plaintiffs filed this section 1983 action" where a state court was adjudicating plaintiffs'
5 pending traffic citations); *Wiener v. Cnty. of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994)
6 ("[T]he critical question is not whether the state proceedings are still 'ongoing' but whether
7 'the state proceedings were underway before initiation of the federal proceedings'").

   Furthermore, the state proceedings implicate important state interests in conducting criminal matters unimpeded. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"); *Mackey v. Montrym*, 443 U.S. 1, 17 (1979) (finding that a state has a "paramount interest . . . in preserving the safety of its public highways"); *Aiona*, 17 F.3d at 1249 ("[T]he state has an important state interest in keeping drunk drivers off the road"). Thus, the second requirement of the *Younger* test is met.

   Finally, Watkins has an adequate opportunity to raise his federal claims in the state proceedings. "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999); *see also Juidice v. Vail*, 430 U.S. 327, 337 (1977) ("Appellees need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings, and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate"). No such procedural bars are alleged in the Complaint. Thus, the third requirement of the *Younger* test is met.

   Because the Complaint asks the Court to intrude upon the ordinary course of state criminal proceedings in a way that would threaten the autonomy of the state court, the claims in the Complaint related to pending state criminal proceedings are barred. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) ("When an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, *permanently*

by dismissing the federal action because the federal court is only being asked to stop the state proceeding"). These claims must be raised and addressed in the state criminal proceedings. This Court is not in a position to intrude on those state proceedings while they are in progress. To the extent the state proceedings reach a resolution against Watkins, he can appeal that resolution in state court, through the appeals process. If the state proceedings reach a resolution in favor of Watkins, he may have a claim in federal court at that time.

### 2. Underlying Criminal Convictions—*Heck* Bar

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. This "favorable-termination" rule laid out in *Heck* preserves the rule that claims which, if successful, would necessarily imply the invalidity of a conviction or sentence, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues for relief. *Muhammad v. Close*, 540 U.S. 749, 750-751 (2004).

"The applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). In *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996), the court held that, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." On the other hand, if the "action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487. "In evaluating whether claims are barred by Heck, an important touchstone is whether a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates*, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (quoting *Heck*, 512 U.S. at 487).

In the present case, Watkins alleges, for example, that his criminal case was prejudiced

due to illegal suppression of evidence, document tampering, and corruption of public officials; that criminal charges were illegally brought against him; and that he was denied his right to a fair trial. If Watkins were to be successful in proving these claims, it would necessarily implicate the validity of Watkins' criminal conviction. Watkins has not alleged facts demonstrating that his criminal conviction has been reversed, expunged, or otherwise invalidated. Accordingly, Watkins' claims related to his criminal conviction are barred under *Heck*.

### C. Conclusion

Watkins has violated Federal Rule of Civil Procedure 8(a) by not providing a plain statement showing that he is entitled to relief. Watkins is also bringing claims challenging pending state criminal proceedings that are barred under *Younger*, and/or claims challenging state criminal convictions that are barred under *Heck*. Accordingly, the Court finds that the Complaint should be dismissed for failure to state a cognizable claim.

## V. DISMISSAL FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER

"In determining whether to dismiss [an action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Thus, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to file an amended complaint or to notify the Court that he

wishes to stand on the Complaint that is causing delay. The Court found that the Complaint fails to state a claim over a month ago. The case is now stalled until Plaintiff files an amended complaint or notifies the Court that he wishes to stand on the Complaint. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration and *in forma pauperis* status, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *See id.*

After weighing the factors, the Court finds that dismissal with prejudice is appropriate.

## VI. CONCLUSION AND RECOMMENDATIONS

The Court screened the Complaint, and recommends finding that it fails to state a claim under the relevant legal standards. Furthermore, Plaintiff has failed to comply with the screening order, which directed him to file an amended complaint or notify the Court that he wishes to stand on the Complaint. Plaintiff has failed to timely file an amended complaint, and has not otherwise prosecuted this action.

Accordingly, the Court RECOMMENDS that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. §1915(e)(2)(B)(ii), this action be DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983,[1] as well as Plaintiff's failure to comply with a Court order and failure to prosecute; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one days after

---

[1] In this Court's opinion, this dismissal would be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **February 4, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE